IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CLEMMIE SALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03-2946BV |
| | ) | |
| FAYETTE COUNTY, SHERIFF BILL | ) | |
| KELLEY, ZACK VIERHELLER, HOLTON | ) | |
| COHEA, and MIKE WILHITE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANTS' MOTION TO STRIKE DEPOSITION, TESTIMONY,
AND STATEMENTS OF THOMAS MINOR AND OTHER MISCHARACTERIZED
STATEMENTS BY PLAINTIFF

The plaintiff, Clemmie Sales, filed a civil rights action on on December 16, 2003, against Fayette County, Tennessee, Bill Kelley, the sheriff of Fayette County, and three deputy sheriffs of Fayette County, Zack Vierheller, Holton Cohea, and Mike Wilhite, pursuant to 42 U.S.C. 1983, alleging violations of her Fourth, Fifth, Eighth and Fourteenth Amendment rights based on her arrest on criminal charges of chid abuse and neglect, obstructing a criminal investigation and criminal responsibility for conduct of another. These charges arose out of an altercation between two students on a Fayette County school bus being driven by Sales. The criminal charges against Sales were ultimately dismissed. Sales also alleged state common law claims of false arrest and

imprisonment, defamation, and intentional infliction of emotional distress.

On February 24, 2005, the defendants filed a motion for summary judgment. Sales filed a response and memorandum in opposition to the motion for summary judgment on March 28, 2005, which included the plaintiff's statement of undisputed factual allegations.

Now before the court is the motion of the defendants filed April 11, 2005, pursuant to Rule 26(a)(2) and Rule 56 of the Federal Rules of Civil Procedure, to strike the deposition testimony, statements and other declarations of Thomas Minor and any contentions supported by the testimony of Minor, specifically paragraphs 32 - 52 of the plaintiff's undisputed factual allegations, because Minor has not been designated as an expert witness. In addition, the defendants seek to strike paragraphs 2, 56, and 59 of the plaintiff's undisputed factual allegations on the ground that these three factual allegations constitute mischaracterizations of the deposition testimony of defendant Vierheller and the plaintiff. This motion was referred by U.S. District Judge J. Daniel Breen to the United States Magistrate Judge for determination. For the reasons that follow, the motion is denied.

Defendants' motion to strike identifies Rule 56(e) as its

2

procedural basis. Rule 56(e) delineates the requirements for affidavits and depositions submitted in support of or in opposition to summary judgment, but it does not contain any provision for striking affidavits or depositions that do not comply with these requirements. The only provision within the Federal Rules which provides for striking an item is Rule 12(f). That rule, however, only authorizes the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Affidavits accompanying memoranda in support of motions for summary judgment, attachments to affidavits or responses to motions, or the memoranda themselves for that matter, are not among the documents identified as "pleadings" by the Federal Rules. FED. R. CIV. P. 7(a).

This court has held on several occasions that a motion to strike is not the proper procedural device for countering responses to motions for summary judgment or exhibits or affidavits attached to memoranda in support of motions. *See, e.g., Carver v. Lydall*, No. 98-2252-DV, (W.D. Tenn. July 6, 1999) (Order on Def.'s Mot. to Strike or in the Alternative to Disregard Affs). *See also* 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380 (West 1990); *see also Dawson v. City of Kent*, 682 F.Supp. 920, 922 (N.D. Ohio 1988) (finding motion to strike relates only to pleadings and is inapplicable to other filings); *Newsome v. Webster*, 843 F.Supp.

3

1460, 1464-1465 (S.D. Ga. 1994) (finding motion to strike is not appropriate to challenge an opposing affidavit to summary judgment).

Guided by these observations, the court is persuaded that a motion to strike is generally not appropriate, nor necessary, as a vehicle for objections by a movant for summary judgment to an opposing memorandum. It is enough for the movant to make its objection known in a reply memorandum, or in open court if a hearing is held. *Newsome v. Webster*, 843 F. Supp. 1460, 1464-1465 (S.D. Ga. 1994). "The court will then implicitly, if not explicitly, rule upon these objections in consideration of the motion." *Id.* at 1464. Thus, the defendants' motion to strike material in the plaintiff's responsive memorandum to the defendants' motion for summary judgment is denied.

The defendants also cite Rule 26(a)(2) as the procedural basis for their motion to strike the twenty-one factual allegations in paragraphs 32 - 52 of the plaintiff's undisputed factual allegations, all which rely on the testimony of Minor. Rule 26(a)(2)(A) requires a party to disclose the identity of any witness who will give an opinion under Rule 702 of the Federal Rules of Evidence. According to Rule 26(a)(2)(B), the disclosure of the identity of an expert witness who is retained or specially employed to provide expert testimony in the case must be

4

accompanied by a written report prepared and signed by the witness. The report must contain

> a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B). The disclosures are to be made in writing, signed, served, and filed with the court. FED. R. CIV. P. 26(a)(4). The requirement of a written report, however, only applies to those experts who are "retained or specially employed to provide expert testimony in the case." FED. R. CIV. P. 26(a)(2)(B). For example, "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." *Id.* Advisory Committee Notes 1993 Amendments. A party who fails to make the required disclosures "is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1).

It is undisputed that Minor is a licensed and practicing attorney and represented Sales during the criminal proceedings against Sales which gave rise to this § 1983 lawsuit. It is also undisputed that Minor was not retained by Sales as an expert in

5

this § 1983 case nor identified by Sales as an expert employed to provide expert testimony in this case. It is also undisputed that Minor was disclosed as a fact witness and that his deposition was taken by the defendants on January 7, 2005. The defendants insist that the plaintiff has improperly used Minor's deposition testimony to provide expert opinions as to the defendants' handling of the criminal investigation of Sales and the elements necessary to establish probable cause for an arrest without first complying with the disclosure requirements of Rule 26(a)(2). Consequently, the defendants argue that Minor's testimony in its entirety, not just opinion testimony, should be stricken. The defendants cite no case law in support of their position.

As attorney for Sales during the criminal proceedings, Minor is a fact witness. As a fact witness, there is no requirement for Sales to disclose Minor's identity under Rule 26(b)(2). Therefore, the defendants' motion to strike the testimony of Minor in its entirety is denied, and to the extent the defendants seek to strike factual allegations not involving any opinion testimony by Minor, the motion is denied.

As to Minor's opinion testimony, although Minor was not specifically identified as an expert witness, he was deposed by the defendants, the defendants questioned Minor extensively, and he was asked his expert opinions during the deposition. Thus, the failure

6

of Sales to identify Minor as an expert witness was harmless. In addition, because Minor was not retained by Sales for the purpose of giving an expert opinion, Sales was not required to provide the defendants with the expert information required by Rule 26(a)(2)(B). Thus, the defendants' motion to exclude Minor's deposition testimony on the basis of Sales' failure to identify Minor as an expert pursuant to Rule 26(a)(2) is denied.

The defendants also argue that Minor is not properly qualified to render an expert opinion as to the elements of a crime, the sufficiency of an affidavit in support of a criminal complaint, the conduct of a law enforcement official in conducting an investigation, and the existence of probable cause because he is not a law enforcement official. In essence, the defendants are making a motion in limine to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993) but they fail to cite *Daubert* or any of its progeny or to analyze the *Daubert* factors or cite any cases supporting their position that an attorney cannot give an expert opinion on these issues. Accordingly, the defendants have failed to satisfy the court that Minor is not competent to render an expert opinion on these issues, and their *Daubert* motion is denied at this time

7

without prejudice.[1]

Alternatively, defendants argue that two factual allegations, paragraphs 46 and 47, are inadmissible hearsay and not based on personal knowledge and should therefore be disregarded by the court. Specifically, paragraph 46 states "The district attorney was inclined early on to dismiss these complaints. Minor Depo. p.27." (Defs.' Mem. in Supp. of Defs.' Mot. to Strike at 6-7.) Paragraph 47 states "The district attorney probably interviewed all the witnesses that day and dismissed the charges in thirty minutes to one hour. Minor Depo. p. 27." (*Id.* at 7.) Rule 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). It appears to this court that the statements of Minor are based on personal knowledge so as to satisfy the requirements of Rule 56(e). These two statements amount to Minor's

---

[1] Sales argues that lay witnesses may testify in the form of opinions or inferences if it is (a) rationally based on the witness' perception, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) is not based on scientific, technical or other specialized knowledge with the scope of 702. Fed. R. Evidence 701. The court makes no determination at this time whether Minor's opinion as to the lack of probable cause is within the realm of lay opinion testimony.

8

perceptions of the actions of the district attorney, and Minor's deposition testimony sets forth the facts upon which his perceptions are based.

Finally, the defendants argue that the plaintiff's undisputed factual allegations in paragraphs 56, 59, and 2 are based on mischaracterizations of the deposition testimony of Vierheller and Sales.  That may be so, but conflicts in deposition testimony and the interpretation of deposition testimony on a motion for summary judgment is a matter for the court to weigh in determining whether there is a genuine issue of material fact which precludes summary judgment.  It is not grounds for a motion to strike. Accordingly, the defendants' motion to strike Paragraphs 56, 59 and 2 of the plaintiff's undisputed factual allegations is denied.

Having determined that the defendants' motion to strike should be denied, this court will nevertheless defer the ultimate question of whether to disregard in whole or part Minor's testimony and contentions based on his testimony to allow the district court to reach its own conclusion during its deliberations regarding defendants' motion for summary judgment. Defendants' objections to Minor's testimony and the twenty-five factual allegations would more properly have been addressed by filing a reply to the plaintiff's response to the motion for summary judgment.  In any event, the defendants' concerns regarding these factual allegations

9

are now a part of the record and will certainly be considered by the district court in determining whether the defendants have proven that they are entitled to summary judgment. The factual allegations and supporting deposition testimony of Minor will be given what weight the district judge deems proper.

IT IS SO ORDERED this 10th day of May, 2005.

/s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 56 in case 2:03-CV-02946 was distributed by fax, mail, or direct printing on May 11, 2005 to the parties listed.

---

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable J. Breen
US DISTRICT COURT